IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SHAN HSU, et al.,

   Plaintiffs,

     v.

SAFECO INSURANCE COMPANY
OF INDIANA,

   Defendant.

CIVIL ACTION FILE
NO. 1:14-CV-2460-TWT

**OPINION AND ORDER**

This is an action seeking to recover on an insurance policy. It is before the Court on the Defendant's Motion for Summary Judgment [Doc. 37], which is GRANTED.

**I. Background**

This case arises from an alleged robbery on August 30, 2013, at the home of the Plaintiffs, Shan Hsu and Chao Wu.[1] The Plaintiffs claim that $295,950.00 in jewelry and $13,150.00 in personal property was either damaged or stolen from their home at 740 Courageous Court in Lawrenceville, Georgia.[2] The Defendant, Safeco Insurance

---

    [1]     Def.'s Statement of Facts ¶¶ 4-10.

    [2]     <u>Id.</u> ¶¶ 1, 18.

Company of Indiana, issued a homeowners insurance policy that was in effect at the time of the alleged robbery.[3] The Plaintiffs made a claim under that insurance policy.[4]

The insurance policy requires the Plaintiffs to "provide [Safeco] with records and documents [it] request[s] and permit [Safeco] to make copies."[5] The policy further provides that "[n]o action shall be brought against [Safeco] unless there has been compliance with the policy provisions."[6] Safeco believed the Plaintiffs to be having financial difficulties.[7] As a result, Safeco required the Plaintiffs to sit for examinations under oath and produce certain documents.[8] The documents included the Plaintiffs' personal tax returns for 2010, 2011, and 2012.[9] The Plaintiffs knew that Safeco was requesting this information in order to evaluate the claim.[10]

---

[3]   Id. ¶ 1.

[4]   Id. ¶ 18.

[5]   Id.

[6]   Id. ¶ 42.

[7]   Id. ¶¶ 11-17.

[8]   Id. ¶ 20.

[9]   Id. ¶ 23.

[10]  Id. ¶ 22.

After the Plaintiffs sat for examinations under oath on October 23, 2013, Safeco sent a letter requesting additional information.[11] The Plaintiffs submitted much of this information, but analysis of the new information raised additional questions for Safeco.[12] Safeco therefore requested income tax returns dating back to 2009, including all worksheets and schedules, as well as newly discovered bank account records.[13] Although the Plaintiffs had previously produced income tax returns for 2010 through 2012, the returns were incomplete and did not include all worksheets and schedules.[14] Safeco gave the Plaintiffs the option of submitting authorizations in lieu of the tax returns and bank records, which the Plaintiffs chose to do.[15] The banking authorization submitted by the Plaintiffs was ineffective, however, because it did not identify the financial institutions for the accounts.[16] According to Safeco's information, the IRS sent the requested tax returns directly to the Plaintiffs.[17] On May 19, 2014, Safeco

---

[11]   Id. ¶ 25.

[12]   Id. ¶¶ 27-28.

[13]   Id. ¶¶ 28-29.

[14]   Id. ¶ 28.

[15]   Id. ¶ 30.

[16]   Id. ¶¶ 33-35.

[17]   Id. ¶ 37.

again requested the banking records and tax returns from the Plaintiffs.[18] The Plaintiffs did not respond.[19] Safeco again requested production of the additional information on June 22, 2014.[20]

The Plaintiffs filed suit in the Superior Court of Gwinnett County, Georgia, on June 30, 2014, before Safeco had finished its investigation.[21] Prior to filing suit, the Plaintiffs did not provide the additional information requested by Safeco.[22] In fact, Mr. Hsu did not seek to obtain the tax returns until February of 2015, roughly eight months after the lawsuit was filed.[23] The Plaintiff did report making one unsuccessful attempt to contact Bank of America regarding the bank records.[24] On July 30, 2014, Safeco removed the case to this Court. Safeco now moves for summary judgment.

---

[18]     Id. ¶¶ 36-37.

[19]     Id. ¶ 40.

[20]     Id. ¶ 41.

[21]     Id. ¶¶ 43, 45.

[22]     Id. ¶ 47.

[23]     Id. ¶ 48.

[24]     Id. ¶¶ 50-51.

## II. Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.[25] The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant.[26] The party seeking summary judgment must first identify grounds to show the absence of a genuine issue of material fact.[27] The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.[28] "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party."[29]

## III. Discussion

Safeco contends that the Plaintiffs are barred from recovery because they failed to comply with the provisions of the insurance policy before filing suit. "An insurer

---

[25] FED. R. CIV. P. 56(a).

[26] Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970).

[27] Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

[28] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

[29] Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).

is entitled to require its insured to abide by the policy terms, and the insured is required to cooperate with the insurer in investigation and resolution of the claim."[30] Where an insurance policy requires production of documents and the insured fails to comply with the terms, that failure constitutes a breach of contract absent some principle excusing that failure.[31] Conditions precedent must be met before the insured can enforce the insurance contract and recover against the insurer.[32] Here, the insurance policy requires the Plaintiffs to "provide [Safeco] with records and documents [it] request[s] and permit [Safeco] to make copies."[33] The policy further provides that "[n]o action shall be brought against [Safeco] unless there has been compliance with the policy provisions."[34] Providing requested documents is therefore a condition precedent to bringing suit under the Safeco insurance policy.

---

[30] Diamonds & Denims, Inc. v. First of Ga. Ins. Co., 203 Ga. App. 681, 683 (1992).

[31] Halcome v. Cincinnati Ins. Co., 254 Ga. 742, 744 (1985).

[32] KHD Deutz of Am. Corp. v. Utica Mut. Ins. Co., Inc., 220 Ga. App. 194, 195 (1996).

[33] Def.'s Statement of Facts ¶ 19.

[34] Id. ¶ 42.

The Plaintiffs admit that they did not produce the tax returns or bank records at issue here before filing suit.[35] They also admit that they knew the additional information requested would help Safeco evaluate the claim.[36] The Plaintiffs argue instead that they are excused from providing this information. As to the tax returns, the Plaintiffs claim that Safeco could have obtained this documentation directly from the IRS pursuant to the authorization. Safeco utilized the authorization, but understood that the returns were sent directly to the Plaintiffs.[37] After Safeco informed the Plaintiffs that it did not receive the returns, the Plaintiffs admit they still did not send anything to Safeco.[38] The Plaintiffs therefore failed to comply with the terms of the policy and cannot recover. Because this Court finds that the failure to produce tax returns is sufficient to bar recovery, it does not need to address the failure to provide bank records. The Defendant's motion for summary judgment should be granted. The Plaintiffs also admit that they failed to send a written demand for payment prior to

---

[35]    Id. ¶ 47.

[36]    Id. ¶ 20.

[37]    Karabinos Aff. ¶ 13.

[38]    Def.'s Statement of Facts ¶ 47.

filing suit, which is fatal to their bad faith claim.[39] The Plaintiffs withdraw that claim.[40]

## IV. Conclusion

For the reasons stated above, the Defendant's Motion for Summary Judgment [Doc. 37] is GRANTED.

SO ORDERED, this 21 day of September, 2015.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge

---

[39] Pls.' Br. in Opp'n to Def.'s Mot. for Summ. J., at 7.

[40] <u>Id.</u>